IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NURSE JANE DOE,<br><br>   Plaintiff,<br><br>   v.<br><br>GWINNETT HOUSING<br>CORPORATION,<br><br>   Defendant. | CIVIL ACTION NO.<br>1:25-cv-07480-TRJ |

ORDER

Plaintiff "Nurse Jane Doe," proceeding *pro se*, filed this action on December 31, 2025, alleging claims against Defendant Gwinnett Housing Corporation for violations of the Fair Housing Act, Section 504 of the Rehabilitation Act, and Title II of the Americans with Disabilities Act. (Doc. 3). On January 2, 2026, the Magistrate Judge granted Plaintiff's application to proceed *in forma pauperis*. (Doc. 2). This matter is now before the Court for a frivolity determination under 28 U.S.C. § 1915(e)(2). A federal court is required to conduct an initial screening of an *in forma pauperis* complaint to determine whether the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In her Complaint, Plaintiff alleges that she "is a severely disabled individual who participates in HUD assisted housing." (Doc. 3 at 2). According to Plaintiff, Defendant refused to accept redacted medical documentation, excluded medical expense deductions, increased rent without notice, and later terminated Plaintiff's

subsidy effective January 1, 2026. (*Id.*) Plaintiff has not provided sufficient factual allegations to enable the Court to make a frivolity determination. For example, Plaintiff alleges that Defendant failed to provide a reasonable accommodation but does not identify what the requested accommodation was. Similarly, Plaintiff alleges that Defendant discriminated against her on the basis of her disability but does not include any factual allegations regarding why or how Defendant's actions were tied to her alleged disability. While the Court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation modified). The Court will not engage in guesswork as part of its frivolity review.

Accordingly, Plaintiff is **ORDERED** to file an amended complaint by **March 6, 2026**. The amended complaint must contain a short and plain statement of all of Plaintiff's claims, be double-spaced, and separately list in consecutively-numbered paragraphs all individual factual allegations and legal assertions. Plaintiff must set forth specific factual allegations regarding all claims, including the facts regarding Defendant's alleged conduct. Plaintiff must clearly present each claim, identify the facts and acts that support each claim, and identify the legal theories under which Plaintiff is proceeding. Each allegation must be simple, concise, and direct so as to give Defendant fair notice of what the claims are and the grounds upon which they rest. Plaintiff must show a plausible factual basis for each claim alleged and not just

rely on legal conclusions. Each claim must be presented in a separate numbered count, with each paragraph in that count limited to a single set of circumstances. *See* FED. R. CIV. P. 10(b). The amended complaint must comply with the Local Rules of this Court as well as the Federal Rules of Civil Procedure. Upon receipt of the amended complaint, the Court will conduct another frivolity determination.

In summary, Plaintiff is **ORDERED** to file an amended complaint that complies with this Order by **March 6, 2026**. Plaintiff's Motion to Proceed Under Pseudonym (Doc. 4) and Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5) are **DENIED** without prejudice. To the extent any of Plaintiff's claims proceed after a frivolity review, those claims will be served pursuant to Federal Rule of Civil Procedure 4(c)(3). Failure to comply with this Order may result in the imposition of sanctions, including dismissal of the case. The Clerk is respectfully **DIRECTED** to submit this matter to the Court on March 9, 2026.

SO ORDERED, this 10th day of February, 2026.

_____
TIFFANY R. JOHNSON
United States District Judge